UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
RAFAEL CAJIGAS, :
 :
                             Petitioner, :                  25-CV-628 (JMF)
 :
      -v- :
 :           MEMORANDUM OPINION
FCI OTISVILLE (WARDEN), :                 AND ORDER
 :
                             Respondent. :
 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Rafael Cajigas, who was previously convicted of federal crimes, is currently serving a 300-month term of imprisonment at Federal Correctional Institution ("FCI") Otisville. *See* ECF No. 12 ("Walker Decl."), ¶ 5. He brings this case, pursuant 28 U.S.C. § 2241, to challenge the calculation by the Bureau of Prisons ("BOP") of his First Time Credits and Conditional Transfer to Community Date under the First Step Act ("FSA"), 18 U.S.C. § 3632, and the Second Chance Act ("SCA"), 18 U.S.C. § 3624(c). *See* ECF No. 1 ("Petition"). Specifically, he contends that BOP erroneously calculated his Conditional Transfer to Community Date to be July 25, 2026, when it should actually be July 15, 2025. *See id.* at 8. Respondent Erik Rickard, Warden of FCI Otisville, counters that Cajigas's Petition should be dismissed for failure to exhaust, mootness, and lack of merit. ECF No. 11 ("Resp.'s Mem.") at 12-16.

      Upon review of the parties' submissions, the Court concludes that Cajigas's Petition must be dismissed for the simple reason that there is no error to correct: The record makes plain that BOP had determined, even before Cajigas filed his lawsuit, that his Conditional Transfer to

Community Date is July 15, 2025.[1]  Indeed, that date is reflected in at least two reports produced by FCI Otisville before Cajigas filed his Petition, *see* ECF Nos. 12-2, 12-13; was reaffirmed in an April 2, 2025 FSA Time Credit Assessment, *see* ECF No. 12-3; and is confirmed by Respondent here, *see* Resp.'s Opp'n 4; ECF No. 12 ("Walker Decl."), ¶¶ 13-14.  Further, in its briefing, Respondent represents in no uncertain terms that Cajigas "remains conditionally approved for transfer to prerelease custody on July 15, 2025" and, thus, "has been granted the relief he seeks, the correct calculation of his Conditional Transfer to Community [D]ate." Resp.'s Opp'n 4, 15.  What is more, in his reply, Cajigas himself concedes that BOP "has corrected its error."  ECF No. 13 ("Pet.'s Reply"), at 4.  Thus, Cajigas's claim fails.

Even if there were an error to correct, Cajigas's Petition would be doomed by his failure to exhaust his administrative remedies.  *See, e.g.*, *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001) (holding that, absent a showing of cause and prejudice, an inmate's failure to exhaust his administrative remedies bars judicial review pursuant to Section 2241). Cajigas sought relief from the Warden of FCI Otisville, but, when the Warden failed to respond, Cajigas did not pursue the matter further as required.  *See* Walker Decl. ¶¶ 25-26; *see also* 28 C.F.R. § 542.18; *Ahmed v. Otisville*, No. 23-CV-454 (PGG) (RWL), 2023 WL 9113089, at *6 (S.D.N.Y. Dec. 13, 2023) ("If an inmate does not receive a response within the reply deadline, the inmate may consider the absence of a response to be a denial at that level and must pursue the next . . . step." (internal quotation marks omitted)).  Cajigas contends that he should not be required to exhaust his remedies because it would "waste a significant amount of time . . . to the

---

[1]   Respondent argues that this renders Cajigas's Petition moot, *see* ECF No. 11 ("Resp.'s Opp'n"), at 15-16, but mootness arises from changes *after* a case is filed, *see, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir. 1991).  Thus, the defect is more accurately described as a lack of standing.  *See, e.g.*, *Etuk*, 936 F.2d at 1441.  Either way, it is fatal to Cajigas's Petition.

detriment of [his] liberty interest" and would be "prejudicial and futile."  Pet.'s Reply 2.  But Cajigas's conclusory assertions are not enough to establish futility.  *See, e.g.*, *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003); *Rosales v. Petrucci*, No. 20-CV-2136 (CS), 2021 WL 5449701, at *3 (S.D.N.Y. Nov. 22, 2021).

For these reasons, Cajigas's Petition must be and is DENIED and DISMISSED.[2]  It is somewhat unclear whether a certificate of appealability would be required for Cajigas to appeal.  *Compare Drax v. Reno,* 338 F.3d 98, 106 n. 12 (2d Cir. 2003) (reaffirming that the certificate-of-appealability requirement "does not apply to federal habeas proceedings . . . brought pursuant to 28 U.S.C. § 2241"), *with Cespedes v. United States,* No. 01-CV-2249 (ILG), 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit granted a certificate of appealability in connection with the petitioner's appeal from an order treating his Section 2241 petition as a Section 2255 petition).  To the extent the requirement applies, Cajigas has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States,* 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 259-60 (2d Cir. 1997).  Moreover, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

---

[2]    In his reply, Cajigas argues that his Conditional Transfer to Community Date should be even earlier than July 15, 2025.  Pet.'s Reply 4-5.  But Cajigas made no such claim in his Petition.  It is well established that a party may not amend his pleading through a memorandum of law.  *See, e.g.*, *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (collecting cases).  Nor may a party raise a new argument in reply.  *See, e.g.*, *Brown v. Ionescu*, 380 Fed. App'x 71, 72 n.1 (2d Cir. 2010) (summary order).  In any event, Cajigas would have to exhaust his administrative remedies before bringing any such claim in court.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Cajigas and to close this case.

SO ORDERED.

Dated: June 20, 2025
      New York, New York

                                     JESSE M. FURMAN
                              United States District Judge